IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| JORGE COLOMER HAYLOCK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:19-CV-00115-BU |
| § | |
| GEO CORRECTION-BIG SPRING, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jorge Colomer Haylock ("Haylock"), proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 on May 21, 2019. Dkt. No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of referral, this civil action was referred to the undersigned United States Magistrate Judge. *See* Dkt. Nos. 6, 11. Haylock has not consented to proceed before a magistrate judge.

Therefore, in accordance with the Court's transfer order, the undersigned enters these findings and conclusions, and recommends that Haylock's claims in this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

I.  BACKGROUND

In his Complaint, Haylock alleges that the GEO Corporation, the administrator of the Big Spring Flightline Unit, and two of its employees acted with deliberate indifference when they failed to protect him from an assault by a fellow inmate. Dkt. No. 2 at 3–4. The

1

Court granted Haylock leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915. Dkt. No. 5. Because Haylock brings his suit against government officials, his complaint is also subject to screening under 28 U.S.C. § 1915A.

On May 6, 2021, the Court mailed Haylock a Magistrate Judge's Questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1971) to further develop the factual basis for Haylock's claims. Dkt. No. 19. In that Order, Haylock was instructed to file a response no later than May 28, 2021. Due to complications with sending the order to Haylock's address outside the country, the May 6 order was returned and remailed by the Clerk of Court on May 19, 2021.

On May 11, 2021, the Court entered an order noting that Haylock filed a change of address showing he is no longer incarcerated in any jail or prison facility, and that under the PLRA, he was therefore now required to pay the full filing fee if he wished to pursue his case further. Dkt. No. 20. Haylock was instructed pay the filing fee in full by June 1, 2021. Due to complications with sending the order to Haylock's address outside the country, the May 11 order was returned and remailed by the Clerk of Court on May 14, 2021.

At this time, Haylock has not responded to either of the Court's orders.

II.  DISMISSAL UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules

or any court order. Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice is appropriate in this case. The Magistrate Judge's Questionnaire mailed to Haylock ordered him to read each question and to respond with facts specific to the question asked. Dkt. No. 19 at 1. The Court cautioned Haylock that his "failure to return the completed Questionnaire and Certification" on or before May 28, 2021 "will likely result in the dismissal of his claims." *Id*. Nevertheless, Haylock failed to respond to the Magistrate Judge's Questionnaire.

Further, because Haylock failed to comply with the Court's order that he pay the filing fee as required by the PLRA, his case should be dismissed. *Pickens v. United States,* No. 3:17-CV-2265-C, 2020 WL 2363479, at *2 (N.D. Tex. Apr. 20, 2020), *adopted by* 2020 WL 2343170 (N.D. Tex. May 11, 2020) (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison); *Griffin*

3

*v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615, at *2 (N.D. Tex. Nov. 27, 2017), *adopted by* 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017) (same).

The Court is not required to delay the disposition of this case until such time as Haylock complies with the Court's previous orders.

## III.  CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Haylock's complaint and all claims alleged therein be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution.

It is therefore ORDERED that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge.  This case shall hereinafter be designated as Civil Action No. 1:19-CV-00115-C.

## IV.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written

4

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 18th day of June, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE